**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hartford Life and Accident Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Paul J. Adams, Jr., et al.,<br><br>        Defendants. | No. CV-16-04534-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendants' Motions for Summary Judgment. (Docs. 44, 45). The Court grants Defendant Paul J. Adams Jr.'s motion and denies Carole Ducharme's motion.

## BACKGROUND

Decedent Michele Adams and Defendant Paul J. Adams were previously married and had a son named D.A. Ms. Adams and Mr. Adams divorced in September 2006. The divorce decree stated that "it is appropriate for both Husband and Wife to have life insurance policies naming the child as a beneficiary[,]" and the court ordered "that both parties provide proof of insurance to the other party within 90 days of entry of this Decree" and that "the minimum amount of the life insurance policy benefit shall be not less than $250,000.00." (Doc. 48 at 32). In September 2011, Ms. Adams acquired life insurance from Hartford Life and Accident Insurance Company ("Hartford") through her employer. The policy carried benefits of $141,000, and Ms. Adams named her mother, Defendant Carole Ducharme, as the beneficiary.

Ms. Adams died on July 30, 2015, triggering the payment of her life insurance policy. Due to the death of the mother, Mr. Adams became the legal guardian of D.A. A few months after Ms. Adams' death, Ms. Ducharme submitted a claim for the life insurance benefits, and Mr. Adams submitted a claim for the same benefits on behalf of D.A. Early in 2016, Arizona Superior Court granted Mr. Adams' motion to stay insurance proceeds. Hartford then filed the Complaint in Interpleader under 28 U.S.C. § 1332 against Mr. Adams, on behalf of his son D.A., and Carole Ducharme as the competing claimants to the death benefits.

**DISCUSSION**

**I. Legal Standard**

The Court grants summary judgment when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Contract interpretation in Arizona is a question of law, and summary judgment is proper in those cases focused on contract interpretation. *See Williamette Crushing Co. v. State ex rel. Dep't of Transportation*, 188 Ariz. 79, 81, 932 P.2d 1350, 1352 (App. 1997).

**II. Analysis**

The parties do not dispute facts concerning the divorce decree or the insurance policy. The parties only dispute a question of law concerning whether the divorce decree invalidates Ms. Adams' designation of her mother as the beneficiary of her insurance policy contract with Hartford. This Court is required to interpret a contract under Arizona law to determine and make effective the intention of the contracting parties. *Taylor v. State Farm Mut. Auto Ins. Co.*, 175 Ariz. 148, 158 (1993). A divorce decree is a final judgment, adjudicated by a competent court, and carries the weight of res judicata. *De Gryse v. De Gryse*, 135 Ariz. 335, 337 (1983).

The divorce decree unambiguously mandates that decedent Michele Adams have a life insurance policy naming D.A. as the beneficiary. (Doc. 48 at 32). Ms. Adams violated the divorce decree when she named her mother as the beneficiary of the Hartford life insurance plan. Ms. Ducharme argues that the statute of limitations in A.R.S. § 12-1551 bars Mr. Adams' claim on behalf of D.A., but that statute of limitations "does not apply to . . . directives made in a divorce decree that are not judgments for payments of sums certain . . . ." *Jensen v. Beirne*, 241 Ariz. 225, 228 (App. 2016). Although Ms. Ducharme has stated that she would set up a trust for D.A. with the death benefits, she would not have a legal obligation to use the payment on D.A's behalf, and she is not D.A.'s parent or guardian. Because the divorce decree directs that D.A. be the designated beneficiary of the life insurance policy, the Court holds that the death benefits be paid to D.A., and Defendant Paul J. Adams, Jr. may receive the distribution as D.A.'s legal guardian.

**IT IS HEREBY ORDERED** that Defendant Paul J. Adams Jr.'s Motion for Summary Judgment (Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Carole Ducharme's Motion for Summary Judgment (Doc. 45) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to distribute the $133,493.03 deposited by Hartford Life and Accident Insurance (see Doc. 34) to Defendant Paul J. Adams, Jr., on behalf of his son, D.A., and terminate this action.

Dated this 12th day of July, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge